IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TODD F. STEVENSON, an individual on behalf of himself, and as grantor of the Todd Stevenson 2013 Irrevocable Family Trust and the Todd F. Stevenson Irrevocable Life Insurance Trust; TERRI L. STEVENSON, an individual on behalf of herself, and as grantor of the Terri L. Stevenson 2016 Irrevocable Family Trust; TODD J. STEVENSON, an individual; and JOSEPH D. STEVENSON, an individual on behalf of himself, and as grantor of the Joseph D. Stevenson Irrevocable Life Insurance Trust;<br><br>Plaintiffs,<br><br>vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; THE PENN INSURANCE AND ANNUITY COMPANY; SUMMIT FINANCIAL GROUP; GP CAPITAL PARTNERS LLC; THE BURGESS GROUP, INC.; JOSHOA Q. GARDNER, an individual; LAKE FOREST BANK & TRUST CO., N.A.; SUCCESSION CAPITAL ALLIANCE; and JOHN DOES 1–5,<br><br>Defendants. | CV 24–109–M–DLC<br><br>ORDER |

1

Plaintiffs and Defendants GP Capital Partners, Summit Financial Group, and Joshoa Q. Gardner (collectively, "Gardner Defendants") have filed a joint stipulation with respect to several related issues. (Doc. 101)

First, Plaintiffs and Gardner Defendants stipulate and agree that Plaintiffs may file a Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). (*Id.* at 2.) The parties represent that all other Defendants have been contacted about the filing of a Second Amended Complaint, and have consented. Fed. R. Civ. P. 15(a)(2). (*Id.* at 2–3.)

Second, Plaintiffs and Gardner Defendants stipulate and agree that Gardner Defendants' Motion to Dismiss (Doc. 75) and Memorandum of Law in Support of Motion to Dismiss (Doc. 76) remain ripe for ruling as if directed at Plaintiffs' Second Amended Complaint. (*Id.* at 3.) Similarly, Plaintiffs' defense of their claims against Gardner Defendants, as argued in their Opposition to Gardner's Motion to Dismiss (Doc. 100), remains live as if defending the Second Amended Complaint. (*Id.*)

Third, Plaintiffs and Gardner Defendants stipulate and agree that, though not anticipated, if any allegation or claim in the Second Amended Complaint affects or alters the claims against Gardner Defendants, Gardner Defendants may amend their Motion to Dismiss (Doc. 75) and Memorandum of Law in Support of Motion to Dismiss (Doc. 76) accordingly. (*Id.*)

Fourth, Plaintiffs do not oppose Gardner Defendants filing an overlength reply brief in support of their motion to dismiss, nor do Plaintiffs oppose Gardner Defendants filing their reply brief, currently due on January 29, 2025, two weeks after Plaintiffs file their Second Amended Complaint. (*Id.* at 3–4.)

Accordingly, IT IS ORDERED, consistent with the parties' stipulation and motion, that the motion (Doc. 101) is GRANTED. As such:

1. Plaintiffs may file a Second Amended Complaint, pursuant to Rule 15(a)(2);

2. Irrespective of the filing of a Second Amended Complaint, Gardner Defendants' Motion to Dismiss (Doc. 75) and Memorandum of Law in Support of Motion to Dismiss (Doc. 76) remain ripe for ruling, and will be construed as if directed at the allegations against the Gardner Defendants contained in Plaintiffs' Second Amended Complaint.

3. Gardner Defendants may amend their Motion to Dismiss (Doc. 75) and Memorandum of Law in Support of Motion to Dismiss (Doc. 76) if allegations or claims in the Second Amended Complaint amend or alter allegations or claims against Gardner Defendants; and

4. Gardner Defendants may file an overlength reply in support of their motion to dismiss, to be filed within two weeks of the filing of the Second Amended Complaint.

DATED this 30th day of January, 2025.

                                                                                            */s/ Dana L. Christensen*

Dana L. Christensen, District Judge
United States District Court