IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TODD F. STEVENSON, an individual on behalf of himself, and as grantor of the Todd Stevenson 2013 Irrevocable Family Trust and the Todd F. Stevenson Irrevocable Life Insurance Trust; TERRI L. STEVENSON, an individual on behalf of herself, and as grantor of the Terri L. Stevenson 2016 Irrevocable Family Trust; TODD J. STEVENSON, an individual; and JOSEPH D. STEVENSON, an individual on behalf of himself, and as grantor of the Joseph D. Stevenson Irrevocable Life Insurance Trust; FIRST TRUST COMPANY, LLC, as duly appointed trustee for the Todd Stevenson 2013 Irrevocable Family Trust, the Todd F. Stevenson Irrevocable Life Insurance Trust, the Terri L. Stevenson 2016 Irrevocable Family Trust, and Joseph D. Stevenson Irrevocable Life Insurance Trust; and STEVENSON AND SONS FUNERAL HOMES,<br><br>      Plaintiffs,<br><br>  v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; THE PENN INSURANCE AND ANNUITY | CV 24–109–M–DLC<br><br><br>ORDER |

| |
|---|
| COMPANY; SUMMIT FINANCIAL GROUP; GP CAPITAL PARTNERS LLC; THE BURGESS GROUP, INC.; JOSHOA Q. GARDNER, an individual; SUCCESSION CAPITAL ALLIANCE; WINTRUST LIFE FINANCIAL, a Division of Lake Forest Bank & Trust CO., N.A.; BARRINGTON BANK & TRUST CO., N.A., CMS NATIONAL SERVICES, LLC; and JOHN DOES 1–5,<br><br>                Defendants. |

Before the Court is Plaintiffs' motion for discovery conference. (Doc. 225.) For the reasons herein, the motion is DENIED, and Defendants are ORDERED to collectively file a proposed schedule to take all depositions noticed by Plaintiffs (Doc. 225-1).

## BACKGROUND

Plaintiffs are represented by five attorneys. Defendant Massachusetts Mutual Life Insurance Company is represented by four attorneys, two of which the Court admitted *pro hac vice*. (*See* Doc. 53.) Defendants Penn Mutual Life Insurance Company and Penn Insurance and Annuity Company are represented by two attorneys, one of which the Court admitted *pro hac vice*. (*See* Doc. 42.) Defendants Joshoa Q. Gardner, Summit Financial Group, and GP Capital Partners LLC are represented by two attorneys, one of which the Court admitted *pro hac vice*. (*See* Doc. 44.) Defendant the Burgess Group, Inc. is represented by two attorneys.

2

Defendants Wintrust Life Financial and Barrington Bank & Trust Company, N.A. are represented by three attorneys. Defendant CMS National Services, LLC is represented by six attorneys, two of which the Court admitted *pro hac vice*. (*See* Docs. 127, 128.)

On October 23, 2025, following the Preliminary Pretrial Conference in this matter, the Court issued its Scheduling Order. (Doc. 219.) Pursuant to the Order, Plaintiffs must disclose their experts by May 4, 2026, and Defendants must disclose their experts by June 1, 2026. (*Id.* ¶ 1.) The discovery deadline is June 29, 2026.[1] (*Id.*)

Plaintiffs seek a discovery conference, arguing that Defendants have collectively refused to agree on a deposition schedule, and that at least three sets of Defendants refuse to adequately respond to discovery. (Doc. 225 at 2–3.)

## DISCUSSION

As outlined above, the Court has admitted several attorneys to practice in front of this Court *pro hac vice*. It is the Court's assumption that when it admits an attorney *pro hac vice*, that lawyer is fully capable of attending, defending, and conducting questioning in depositions. The Court does not have the time or the interest in micromanaging the Parties' schedules; therefore, if an attorney is not

---

[1] As explained in the Order, the Parties may stipulate to the extension of these deadlines without a Court order. (*Id.*)

capable of doing such basic litigation work, the attorney should withdraw from this case immediately.

Based upon the representation of Plaintiffs, Defendants have not proposed an alternative deposition schedule. (Doc. 225 at 2–3.) Defendants have an obligation to do so.

Accordingly, IT IS ORDERED that the motion (Doc. 225) is DENIED.

IT IS FURTHER ORDERED that on or before January 14, 2026, Defendants shall collectively file with the Court a proposed schedule to take all depositions noticed by Plaintiffs. Those depositions shall be taken between February 1, 2026 and April 17, 2026.

IT IS FURTHER ORDERED that once Plaintiffs have received these proposed dates from Defendants, the Parties shall meet and confer to agree on a deposition schedule. It is the Court's hope that the Parties can collectively agree on a deposition schedule without further Court intervention.

IT IS FURTHER ORDERED that to the extent a Party seeks Court intervention with nonresponsive discovery, that Party shall file a motion to compel. *See* D. Mont. L.R. 26.3(c).

Dated this 29th day of December, 2025.

_____
Dana L. Christensen, District Judge
United States District Court