IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

|  |  |
|---|---|
| TODD F. STEVENSON, an individual on behalf of himself, and as grantor of the Todd Stevenson 2013 Irrevocable Family Trust and the Todd F. Stevenson Irrevocable Life Insurance Trust; TERRI L. STEVENSON, an individual on behalf of herself, and as grantor of the Terri L. Stevenson 2016 Irrevocable Family Trust; TODD J. STEVENSON, an individual; and JOSEPH D. STEVENSON, an individual on behalf of himself, and as grantor of the Joseph D. Stevenson Irrevocable Life Insurance Trust; FIRST TRUST COMPANY, LLC, on behalf of and as trustee for the Todd Stevenson 2013 Irrevocable Family Trust, the Todd F. Stevenson Irrevocable Life Insurance Trust, the Terri L. Stevenson 2016 Irrevocable Family Trust, and Joseph D. Stevenson Irrevocable Life Insurance Trust, <br><br> Plaintiffs, <br><br> vs. <br><br> MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; THE PENN INSURANCE AND ANNUITY COMPANY; SUMMIT FINANCIAL GROUP; GP | CV 24–109–M–DLC <br><br><br> ORDER |

CAPITAL PARTNERS LLC; JOSHOA Q. GARDNER, an individual; WINTRUST LIFE FINANCIAL, a Division of Lake Forest Bank & Trust Co., N.A.; BARRINGTON BANK & TRUST CO., N.A.; CMS NATIONAL SERVICES, LLC; LAKE FOREST BANK & TRUST CO., N.A.; and JOHN DOES 1–5,

Defendants.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; BARRINGTON BANK & TRUST CO., N.A.; CMS NATIONAL SERVICES, LLC DBA SUCCESSION CAPITAL ALLIANCE INSURANCE, LLC; THE PENN INSURANCE AND ANNUITY COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; WINTRUST LIFE FINANCIAL, a Division of Lake Forest Bank & Trust CO., N.A.; SUMMIT FINANCIAL GROUP; and JOSHOA Q. GARDNER,

Third-Party Plaintiffs,

vs.

COREY JONES, as Personal Representative of the Estate of Janette Krutzfeldt Jones; KRUTZFELDT & JONES LLP; and TODD S. STEADMAN,

Third-Party Defendants.

2

Before the Court is Plaintiffs' Motion to Compel filed February 13, 2026. (Doc. 240). Plaintiffs seek to compel Defendant CMS National Services, LLC, ("Succession") to provide a privilege log and for all Defendants to produce a copy of their joint defense agreement. (*Id.*) Defendants oppose. (Docs. 245; 247.)  For the reasons explained below, the Motion is GRANTED.

**DISCUSSION**

This discovery dispute concerns two issues: (1) whether Succession is required to produce a privilege log for all documents withheld or redacted; and (2) whether Defendants' joint defense agreement ("JDA") is discoverable. (Doc. 241 at 4.)

## I. Privilege Log

On February 5, 2026, Succession produced approximately 14,000 pages of documents via email to Plaintiffs' counsel (the "supplemental production"), within which various documents were redacted or withheld.[1] No privilege log was provided. (*Id.* at 3.) Plaintiffs repeatedly requested a privilege log over the following days, but Succession failed to provide one, and Plaintiffs ultimately filed the instant Motion. (Docs. 241-1 at 3.) On February 27, Succession reproduced certain previously withheld documents in full and provided a spreadsheet cross-

---

[1] This production was characterized as "supplemental" by Succession; no request for production was identified in connection with the production. (Doc. 241-1 at 1–5.)

referencing prior bates numbers (Doc. 247 at 3) but left remaining redactions unaddressed and produced no privilege log (Doc. 249 at 4).

Succession argues that the privilege log issue is moot because the previously withheld documents marked as "privileged" have been reproduced in full, and that any remaining redactions pertain to "third-party clients and personal identifying information." (Doc. 247 at 2–3, 7.) The Court disagrees on both points.

Federal Rule of Civil Procedure 26(b)(5)(A) is clear:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Courts consistently read this requirement to mandate the production of a privilege log. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1147–49 (9th Cir. 2005). Further, Succession cites no authority supporting an exemption from the privilege log requirement for redactions of third-party or personal identifying information.

Succession's supplemental production continues to include redacted documents. (Doc. 249 at 4.) Therefore, the issue is not moot, and Succession is required to produce an adequate privilege log for any redacted material contained in the supplemental production.

**II. Joint Defense Agreement**

Defendants urge that discovery of the JDA would be improper because it is both privileged and irrelevant. (Doc. 245 at 13.) The Court is not persuaded by Defendants' characterization of the governing authority or by the mischaracterization of *Pacific Coast Steel*, 2011 WL 4572008 (D. Nev. Sept. 30, 2011). (*Id*. at 6–8.)

"The Ninth Circuit has long recognized that the joint defense privilege is an extension of the attorney-client privilege." *United States v. Gonzales*, 669 F.3d 974, 978 (9th Cir. 2012) (internal quotation marks omitted). "The privilege is also referred to as the 'common interest' privilege or doctrine, because . . . whether the litigation or potential litigation is civil or criminal, the rational for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." *Id*.

This principle informs the scope of what protection a JDA may legitimately carry but does not render the agreement itself *per se* privileged. *See Stepney*, 246 F. Supp. 2d 1069, 1078 (N.D. Cal. 2003) ("To the extent that joint defense agreements simply set forth the existence of attorney-client relationships—implied or otherwise—between various attorneys and defendants, the contents of such agreements do not fall within the attorney-client privilege."). And in fact, "[j]oint

5

defense agreements are generally not privileged" as "[t]hey serve only to formalize the invocation of the joint defense or common interest." *Pac. Coast Steel*, 2011 WL 4572008, at *3; *accord U.S.A. v. Omidi*, 2020 WL 6600172, at *2 (C.D. Cal. Aug. 12, 2020).

As to relevance, where a JDA is not relevant it is not discoverable. *See Pac. Coast Steel*, 2011 WL 4572008, at *6. That determination, however, is for the Court to make. "It is possible, for example, that a [JDA] may serve more than one purpose and that some portions of the agreement may be relevant and discoverable." *Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 11636216, at *9 (D. Nev. Mar. 2, 2010). It is for this reason that a court may "order[] that agreement be submitted for *in camera* review." *Id*. "It is also appropriate for the Court to review the agreement *in camera* to determine that such an agreement, in fact, exists and to also verify its effective date and the parties to the agreement." *Id*.

*In camera* review is the appropriate remedy here—and indeed, the one that both parties apparently agree to (Docs. 245 at 13; 249 at 18). *Gonzales*, 669 F.3d at 981 (remanding to the trial court for an *in camera* evidentiary hearing to review the JDA); *Rodriguez v. General Dynamics Armament and Technical Products, Inc.*, 2010 WL 1438908, *3 (D. Haw. Apr. 7, 2010) (the court conducted an *in camera* review of a joint defense agreement and finding that it contained no privileged or protected material ordered it be produced to Plaintiffs.)

As such, the Court directs Defendants to submit the JDA for *in camera* review to determine whether any portion shall be produced to Plaintiffs.

Accordingly, IT IS ORDERED that Plaintiffs' Motion to Compel (Doc. 240) is GRANTED. Succession shall produce a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5)(A) within fourteen (14) days of this Order. Defendants shall submit the joint defense agreement for *in camera* review within fourteen (14) days of this Order.

IT IS FURTHER ORDERED that Defendants' motion to file a sur-reply (Doc. 253) is DENIED as MOOT.

DATED this 21st day of April 2026.

Dana L. Christensen, District Judge
United States District Court

7