IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TODD F. STEVENSON, an individual on behalf of himself, and as grantor of the Todd Stevenson 2013 Irrevocable Family Trust and the Todd F. Stevenson Irrevocable Life Insurance Trust; TERRI L. STEVENSON, an individual on behalf of herself, and as grantor of the Terri L. Stevenson 2016 Irrevocable Family Trust; TODD J. STEVENSON, an individual; and JOSEPH D. STEVENSON, an individual on behalf of himself, and as grantor of the Joseph D. Stevenson Irrevocable Life Insurance Trust; and FIRST TRUST COMPANY, LLC, on behalf of and as trustee for the Todd Stevenson 2013 Irrevocable Family Trust, the Todd F. Stevenson Irrevocable Life Insurance Trust, the Terri L. Stevenson 2016 Irrevocable Family Trust, and Joseph D. Stevenson Irrevocable Life Insurance Trust, | CV 24–109–M–DLC<br><br>ORDER |
| Plaintiffs, | |
| vs. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; THE PENN INSURANCE AND ANNUITY COMPANY; SUMMIT FINANCIAL GROUP; GP | |

1

CAPITAL PARTNERS LLC;
JOSHOA Q. GARDNER, an
individual; WINTRUST LIFE
FINANCIAL, a Division of Lake
Forest Bank & Trust Co., N.A.;
BARRINGTON BANK & TRUST
CO., N.A.; CMS NATIONAL
SERVICES, LLC; LAKE FOREST
BANK & TRUST CO., N.A.; and
JOHN DOES 1–5,

     Defendants.

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY;
BARRINGTON BANK & TRUST
CO., N.A.; CMS NATIONAL
SERVICES, LLC DBA
SUCCESSION CAPITAL
ALLIANCE INSURANCE, LLC;
THE PENN INSURANCE AND
ANNUITY COMPANY; THE
PENN MUTUAL LIFE
INSURANCE COMPANY;
WINTRUST LIFE FINANCIAL, a
Division of Lake Forest Bank &
Trust CO., N.A.; SUMMIT
FINANCIAL GROUP; and
JOSHOA Q. GARDNER,

     Third-Party Plaintiffs,

vs.

COREY JONES, as Personal
Representative of the Estate of
Janette Krutzfeldt Jones;
KRUTZFELDT & JONES LLP; and
TODD S. STEADMAN,

Third-Party Defendants.

Consistent with this Court's April 21, 2026 Order, Defendants have submitted their Joint Defense Agreement ("JDA") for *in camera* review. (Doc. 255 at 7; *see* Doc. 258 (sealed).) To be discoverable, the JDA, or a portion of it, must be relevant and not privileged. Fed. R. Civ. P. 26(b)(1). Because only the relevant and discoverable information is the JDA's existence, signatories, effective date, and the inclusion of a tolling provision, disclosure of the entire document is not required, *see Phase II Chin, LLC v. F. Shops, LLC*, 2010 WL 11636216, at *9 (D. Nev. Mar. 2, 2010), and the Court does not reach the issue of privilege, *see Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 218 (W.D. Ky. 2006).

Rule 26 of the Federal Rules of Civil Procedure provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(1). "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would without the evidence[] and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Several district courts have concluded that a joint defense agreement that "contains standard and boilerplate language . . . is not discoverable because it is not relevant to any claim or defense in th[e] case." *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D.

3

418, 428 (D.N.J. 2009); *Warren Distr. Co. v. InBev USA LLC*, 2008 WL 4371763, at *3 (D.N.J. Sept. 18, 2008) (collecting cases); *GeoMetWatch Corp. v. Hall*, 2016 U.S. Dist. LEXIS 91274, at *7 (D. Ut. July 12, 2016). However, courts have determined that certain aspects of those agreements may be relevant, including the existence of the agreement, the parties to the agreement, and the agreement's effective date. *Phase II Chin*, 2010 WL 11636216, at *9 (collecting cases). "So long as such information is otherwise provided to the opposing party, it is unnecessary to order production of the agreement." *Id.*

Here, Plaintiffs specifically argue that the JDA is relevant to attack the credibility of Defendants' position that they lack an agency relationship and are not responsible for each other's prior conduct. But district courts have refused to order disclosure even when the underlying case includes claims that the defendants subject to the agreement were engaged in a conspiracy. *See Warren Distr. Co.*, 2008 WL 4371763, at *4 ("The fact that a joint defense agreement was signed is not evidence of the conspiracy plaintiffs allege existed."); *see also GeoMetWatch Corp.*, 2016 U.S. Dist. LEXIS 91274, at *8. Rather, in those cases, courts have said that "the knowledge of the parties to the agreement suffices . . . to wage that battle." *Ford Motor Co.*, 257 F.R.D. at 429. That reasoning is persuasive here as the specific details of Defendants' cooperation in the present lawsuit does not bear on their relationship and dealings over six years ago.

There is one feature of the JDA that requires further mention, however. The JDA contains a tolling provision. Consistent with the analysis above, it is sufficient for Plaintiffs to be made aware of the existence of that provision; they need not be given its actual language.

The Court finds that the remainder of the JDA contains standard, boilerplate language and is therefore not discoverable.

Accordingly, IT IS ORDERED that within ten (10) days of the date of this Order, Defendants must file a notice in the case docket disclosing the following information: the parties to the JDA, its effective date, and the basic terms of its tolling provision.

DATED this 8th day of May, 2026.

Dana L. Christensen, District Judge
United States District Court