IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TODD F. STEVENSON, an individual on behalf of himself, and as grantor of the Todd Stevenson 2013 Irrevocable Family Trust and the Todd F. Stevenson Irrevocable Life Insurance Trust; TERRI L. STEVENSON, an individual on behalf of herself, and as grantor of the Terri L. Stevenson 2016 Irrevocable Family Trust; TODD J. STEVENSON, an individual; and JOSEPH D. STEVENSON, an individual on behalf of himself, and as grantor of the Joseph D. Stevenson Irrevocable Life Insurance Trust; and FIRST TRUST COMPANY, LLC, on behalf of and as trustee for the Todd Stevenson 2013 Irrevocable Family Trust, the Todd F. Stevenson Irrevocable Life Insurance Trust, the Terri L. Stevenson 2016 Irrevocable Family Trust, and Joseph D. Stevenson Irrevocable Life Insurance Trust, | CV 24–109–M–DLC<br><br>OPINION and<br>ORDER |
| Plaintiffs, | |
| vs. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; THE PENN INSURANCE AND ANNUITY COMPANY; SUMMIT FINANCIAL GROUP; GP | |

1

CAPITAL PARTNERS LLC; JOSHOA Q. GARDNER, an individual; WINTRUST LIFE FINANCIAL, a Division of Lake Forest Bank & Trust Co., N.A.; BARRINGTON BANK & TRUST CO., N.A.; CMS NATIONAL SERVICES, LLC; LAKE FOREST BANK & TRUST CO., N.A.; and JOHN DOES 1–5,

        Defendants.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY; BARRINGTON BANK & TRUST CO., N.A.; CMS NATIONAL SERVICES, LLC DBA SUCCESSION CAPITAL ALLIANCE INSURANCE, LLC; THE PENN INSURANCE AND ANNUITY COMPANY; THE PENN MUTUAL LIFE INSURANCE COMPANY; WINTRUST LIFE FINANCIAL, a Division of Lake Forest Bank & Trust CO., N.A.; SUMMIT FINANCIAL GROUP; and JOSHOA Q. GARDNER,

        Third-Party Plaintiffs,

vs.

COREY JONES, as Personal Representative of the Estate of Janette Krutzfeldt Jones; KRUTZFELDT & JONES LLP; and TODD S. STEADMAN,

Third-Party Defendants.

Plaintiffs, the "Stevenson Family," are third-generation mortuary owners that have sued various financial advisors, insurance companies and banks (collectively, "Defendants"), alleging injury arising out of the collapse of their premium financed life insurance program. (Doc. 1.) A more complete history of that program is outlined in this Court's August 13, 2025 Order, (Doc. 199). On December 1, 2025, Defendants[1] filed an Amended Joint Third-Party Complaint against Third-Party Defendant Todd Steadman ("Steadman") and Third-Party Defendants Corey Jones and Krutzfeldt and Jones LLP (collectively, "Jones"). In that pleading, Defendants/Third-Party Plaintiffs allege that the Stevenson Family's decision to engage in the premium financed life insurance program at issue was "undertaken with the advice and assistance of independent legal counsel, [Janette] Jones," (Doc. 222 at ¶¶ 14, 21), and that both Ms. Jones and Steadman also owed a duty of care and/or a fiduciary duty as they served as trustees for the Stevenson Family's trusts (collectively, "Trusts"), (*id.* ¶¶ 17, 22–26). Defendants/Third-Party Plaintiffs therefore seek contribution from Steadman and Jones under Montana Code Annotated § 27–1–703. (*Id.* ¶¶ 30–32.) Steadman and Jones have moved to dismiss that Amended Joint Third-Party Complaint, arguing that Defendants/Third-

---

[1] This includes all defendants except GP Capital Partners LLC, which is not listed as a Third-Party Plaintiff in the Amended Joint Third-Party Complaint. (Doc. 222.)

3

Party Plaintiffs lack standing and that the controversy is moot. (Docs. 231, 233.) A motion hearing was held on June 3, 2026. Based on the parties' filings and the arguments made at that hearing, the motions to dismiss are denied.

**ANALYSIS**

Steadman and Jones argue that impleader is inappropriate under Rule 14(a) because (1) Defendants/Third-Party Plaintiffs cannot sue them directly for breaching duties owed to the Stevenson Family and (2) the contribution sought has already been pled in the form of an affirmative defense for comparative negligence in response to the Stevenson Family's Second Amended Complaint. In response, Defendant/Third-Party Plaintiffs argue that they have properly, and only, pled a contribution claim and that claim is, or at least could be, distinct from the Stevenson Family's comparative negligence. Because Defendant/Third-Party Plaintiffs are correct as to the pleadings, the motions to dismiss are denied.

## I.    Timeliness

Third-party practice in federal court is governed by Rule 14 of the Federal Rules of Civil Procedure, which states that a "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Here, while the original answers were filed on August 27, 2025, (*see* Docs. 201, 202, 203; *but see* Doc. 220), the original third-party complaint was not filed until November 7, 2025,

4

(Doc. 221). Leave was therefore required. While Defendants/Third-Party Plaintiffs conceded as much at the June 3 motion hearing, they argue that they, at least initially, believed such leave had been granted through the Court's October 23, 2025 Scheduling Order, which gave the parties until November 7, 2025 to file amended pleadings "without leave of Court." (Doc. 219 at ¶ 1.) Although the Stevenson Family persuasively pointed out at the hearing that the Order's explicit reference to Rule 15 undermines that interpretation, the Amended Joint Third-Party Complaint is not dismissed on timeliness grounds.

As an initial matter, the right to assert a Rule 14(a)(1) timeliness argument generally belongs to the existing parties to the litigation, not the third-party defendant. *See Hensley v. United States*, 45 F.R.D. 352, 353 (D. Mont. 1968). And here, the issue was raised by the Court, (Doc. 257), not any of the parties. More importantly, however, is the limited delay here. Defendants/Third-Party Plaintiffs' initial third-party pleading was filed only two months after the fourteen-day deadline and by the deadline set for amended pleadings in the Scheduling Order. (*See* Doc. 219 at ¶ 1.) It was well before any substantial developments in the case and created no independent delay. Nor has any party argued or shown that it was prejudiced by the timing of the filing. Dismissal is therefore not appropriate on timeliness grounds.

## II.    Rule 14 Impleader

Rule 14(a)(1) permits a defendant to bring a third-party action against "a nonparty who is or may be liable to it for all or part of the claim against it." This language places three limitations on impleader actions:

> First, the third-party defendant's liability must be to the party that impleads it. Second, the third-party defendant's liability must be for losses sustained by the defendant as a result of the plaintiff's claim. And finally, impleader is for derivative liability, not all claims transactionally related to the underlying dispute.

*Martinez v. Werner Enters., Inc.*, 2017 WL 11221247, at *2 (W.D. Tex. May 15, 2017) (citing 3 James Wm. Moore et al., *Moore's Fed. Prac. § 1404* (3d ed. 1999)). The first requirement is at issue here. Although improperly presented in terms of "standing," Steadman argues that "Defendants/Third-Party Plaintiffs are not beneficiaries of the Trusts and therefore lack standing to sue the Trustees for breach." (Doc. 232 at 8.) Jones raises the same argument, as well as arguing that "Third-Party Plaintiffs lack standing to bring direct claims against Jones . . . as attorney for [the Stevenson Family], as no attorney-client relationship exists between Third-Party Plaintiffs and Jones[]." (Doc. 234 at 4.)

"[A] third-party defendant may not be impleaded [under Rule 14] merely because he may be liable to the *plaintiff*." *Watergate Landmark Condo. Unit Owner's Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978)). "Rule 14 requires that there be some sort of derivativeness or nexus

between the primary liability . . . and the basis for the attempt to assign third party liability before the court can exercise ancillary jurisdiction." *Campen v. Greenamyer*, 940 F.2d 1533, \*5 (9th Cir. 1991) (unpublished); *see Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) ("[W]hile Rule 14 provides the procedural mechanism for the assertion of a claim for contribution or indemnity, there must also exist a substantive basis for the third-party defendant's liability."). Consistently, "[t]o show that a nonparty is liable to it for all or part of the claim against the third-party plaintiff, there must be a legal obligation created via indemnification, contribution, subrogation, warranty, or some other derivative device." *W. Invest. Foreign Shares, LLC v. McCollum*, 638 F. Supp. 3d 595, 606 (W.D.N.C. 2022) (internal quotation marks omitted); *see Moorhead Const. Co., Inc. v. City of Grand Forks*, 508 F.2d 1008, 1012 (8th Cir. 1975) ("[A] direct line of liability must be alleged to exist between the third party plaintiff and third party defendant independent of that between the first party plaintiff and defendant." (citing 6 C. Wright & A. Miller, *Fed. Prac. & P.*1442 at 206 (1971))).

Here, Defendants/Third-Party Plaintiffs have pled a single third-party claim for contribution. Montana law provides that "if the negligence of a party to an action is an issue, each party against whom recovery may be allowed . . . has the right of contribution from any other party whose negligence may have contributed as a proximate cause to the injury complained of." Mont. Code Ann. § 27–1–

7

703(1).[2] Defendants/Third-Party Plaintiffs seek contribution from Steadman and Jones for the Stevenson's Family's claims of negligence, (*see* Doc. 103 at ¶¶ 235–60), negligent misrepresentation, (*see id.* ¶¶ 261–306), and negligence per se, (*see id.* ¶¶ 344–55). Defendants/Third-Party Plaintiffs' attempt to shift liability for the Stevenson Family's loss to Steadman and Jones under § 27–1–703 therefore "establishes the sort of derivativeness that Rule 14 requires." *Campen*, 940 F.2d at *5; *compare with Kim*, 871 F.2d at 1434 (dismissing a third-party contribution claim under Rule 14 because "ERISA, the governing law, does not recognize a right of contribution"). This is consistent with Montana law, which does not permit a subsequent, stand-alone contribution claim. *Metro Aviation, Inc. v. United States*, 305 P.3d 832, 837 (Mont. 2013). Dismissal is therefore not appropriate based on Steadman and Jones' "standing" arguments.

## III.    Mootness

Steadman further argues that because Defendants have already pleaded that the Stevenson Family Trusts are responsible for their own damages as part of the investment scheme, the third-party claim against the Trustees is moot as "there is no separate basis for the claim against the Trustees." (Doc. 232 at 9.) Jones makes

---

[2] As the Stevenson Family pointed out at the June 3 hearing, § 27–1–703(4) contemplates that joinder of a contribution claim follows a "motion of a party against whom a claim is asserted for negligence." No such motion has been filed here. Nonetheless, the purpose of such a motion, to assess the propriety of such a claim, is addressed herein.

8

a similar argument: "[a]ny damages sought against Jones in her capacity as trustee are attributable to the Trusts via the successor trustee; the comparative fault already alleged by the Third-Party Plaintiffs in their answers to the [Second Amended Complain] render the [Third-Party Complaint] moot." (Doc. 234 at 4.) Indeed, "dismissal of a third-party complaint may be warranted where . . . a third-party defendant served as an agent to the plaintiff throughout the transaction in question, because any culpable conduct of the third-party defendant would be attributable to the plaintiff through agency principles." *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities*, 2017 WL 985875, at *3 (S.D.N.Y. Mar. 10, 2017) (internal quotation marks omitted). "However, courts have recognized an exception to this doctrine when the third-party defendant acts outside the scope of its agency." *Id.* This can occur either through actions not taken on behalf of the principal, *see Harrison St. Bank v. U.S. Fidelity & Guaranty Co.*, 22 P.2d 1061, 1064 (Mont. 1933) ("It is a general rule that knowledge of the agent is imputable to the principal. But [that is not the case] where the agent is acting in a dual capacity . . . though formally acting as such, is in reality acting in his own or another's interest and adversely to the principal[.]"), or in the case of duties that extend beyond a mere agency relationship, *see* Mont. Code Ann. §§ 72–38–801, –804, –813, –1010. Because "whether plaintiffs' agents were acting within the scope of the alleged agency relationship" has not yet been decided in this litigation, it is

9

"premature to conclude that [Defendants/Third-Party Plaintiffs'] contribution claim is necessarily duplicative of [the] defenses in the main action." *Loreley*, 2017 WL 985875, at *3–4 (internal quotation marks omitted). At this stage of the proceeding, dismissal is not appropriate on agency grounds.

## IV.    Severance

Pursuant to Rule 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." While no party has sought such relief here, the Court is concerned that, given the complexity of the case and how it has proceeded thus far, a joint trial of both the first- and third-party matters may be unduly confusing to the jury. Though severance is not ordered at this time, the parties should be prepared to revisit this issue at the final pretrial conference.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that the motions to dismiss (Docs. 231, 233) are DENIED.

DATED this 4th day of June, 2026.

_____
Dana L. Christensen, District Judge
United States District Court

10